**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Snofawn TORRES–WEBBER,**
**Defendant–Appellant.**

**No. 15–2012.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Dec. 25, 2015.

Filed: Jan. 11, 2016.

Lisa C. Williams, U.S. Attorney's Office, Cedar Rapids, IA, for Plaintiff–Appellee.

John D. Jacobsen, Jacobsen & Johnson, Cedar Rapids, IA, for Defendant–Appellant.

Snofawn Torres–Webber, Cedar Rapids, IA, pro se.

Before LOKEN, BOWMAN, and COLLOTON, Circuit Judges.

PER CURIAM.

Snofawn Torres–Webber appeals from the sentence imposed by the District Court[1] after she pleaded guilty to conspiring to commit robbery. Her counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738,

---

1. The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that the sentence and conditions of supervised release are unreasonable. We conclude that the within-Guidelines sentence is not substantively unreasonable. *United States v. Cook,* 698 F.3d 667, 670 (8th Cir.2012) (standards of review). Because Torres–Webber did not object to the conditions of supervised release at sentencing, we review only for plain error. *See United States v. Simons,* 614 F.3d 475, 478 (8th Cir.2010); *see also* Fed.R.Crim.P. 52(b). There is no such error. *See* 18 U.S.C. § 3583(d) (noting that additional conditions of supervised release must be "reasonably related" to certain 18 U.S.C. § 3553(a) factors, involve "no greater deprivation of liberty than reasonably necessary," and be consistent with any relevant Sentencing Commission policy statements). We have reviewed the record independently under *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and we find no nonfrivolous issues for appeal.

Accordingly, we affirm the sentence, and we grant counsel's motion to withdraw.